UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEIDI BARBERO,

    Plaintiff,

v.                                          Case No:   6:15-cv-2056-Orl-DNF

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff, Heidi Barbero, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for disability insurance benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382a(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for DIB on July 14, 2011, alleging disability as of July 1, 2001. (Tr. 129). On January 11, 2013, Administrative Law Judge ("ALJ") Deborah Arnold dismissed Plaintiff's claim for benefits, finding that the doctrine of *res judicata* was applicable in light of a previous administrative decision dated March 26, 2007 that was not appealed. (Tr. 129-130). Plaintiff requested review of this decision and by Order dated October 21, 2013, the Appeals Council vacated the dismissal of ALJ Arnold and remanded Plaintiff's claim for a hearing on the merits of whether Plaintiff was disabled at any time prior to December 31, 2006. (Tr. 132-33).

A subsequent hearing was held before ALJ Mary Montanus ("the ALJ") on September 25, 2014. (Tr. 45-86). Plaintiff offered testimony at the hearing as well as her treating physician Doyle Phillips, M.D., and vocational consultant Devin Lessne. On November 17, 2014, the ALJ entered a decision finding Plaintiff had not been under a disability at any time from July 1, 2001, the alleged onset date, through December 31, 2006. (Tr. 35). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on October 20, 2015. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) on December 7, 2015. The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity through her date last insured, December 31, 2006. (Tr. 21). At step two, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia; chronic mild anemia; major depressive disorder; and personality disorder. (Tr. 21). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16).

Before proceeding to step four, the ALJ found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") to

> perform a reduced range of light work as defined in 20 CFR 404.1567(b). She can lift and carry twenty pounds occasionally, ten pounds frequently, and can sit, stand, or walk six hours each in an eight-hour workday; she cannot climb ladders, ropes, or scaffolds, work at heights of with dangerous moving machinery; she can occasionally climb stairs, stoop, crouch, kneel, as well as perform occasional overhead reaching; she can perform simple, routine tasks with only occasional changes in work setting, and must avoid interaction with general public, via the telephone or directly in person; she can occasionally engage in superficial interaction with others, not involving the giving of directions, persuading or negotiating on her part.

(Tr. 25). At step four, the ALJ found that Plaintiff was not capable of returning to her past relevant work as a legal secretary because it involved extensive interaction which exceeded her RFC during the period at issue. (Tr. 34).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 34-35). In reaching this decision, the ALJ relied on the testimony of a

vocational expert who stated that an individual with Plaintiff's RFC could perform the jobs of "cleaner/housekeeping," "checker I, warehouse," and "assembler, electrical accessories." (Tr. 35). The ALJ concluded that Plaintiff was not under a disability at any time from July 1, 2001, the alleged onset date, through December 31, 2006, her date last insured. (Tr. 35).

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ committed reversible error by finding that Judith Crosby, a Single Decision Maker ("SDM"), was a "medical expert" and by giving her opinion "greater weight" than to the opinions of treating and examining physicians. (Doc. 16 p. 11). Plaintiff argues that the ALJ erroneously referred to Ms. Crosby as a "reviewing medical expert" and as "Dr. Crosby" and that remand is appropriate because there is no way to determine how the ALJ's mistaken impression tainted and influenced the overall decision. (Doc. 16 p. 12). Plaintiff contends that the ALJ's error was compounded by her decision to accord "greater weight" to Ms. Crosby's opinion than to the opinions offered by Plaintiff's treating physician, Doyle Phillips, M.D., and physical consultative examiner, Lawrence Field, D.O. (Doc. 16 p. 12-13). Finally, Plaintiff argues that it is the Commissioner's policy that SDMs should be given no weight or even discussed at the ALJ level. (Doc. 16 p. 14).

In response, Defendant argues that even if Ms. Crosby was not a physician and was in fact a SDM, Plaintiff failed to show that the ALJ committed harmful error. (Doc. 16 p. 14). Defendant contends that given the other evidence discussed by the ALJ that provides substantial evidence to support the ALJ's findings, the ALJ's discussion of Ms. Crosby's assessment was at most harmless error. (Doc. 16 p. 21). Defendant argues the decision shows that the ALJ properly gave Dr. Phillips' opinion less weight independently of the weight she gave Ms. Crosby's opinion. (Doc. 16 p. 18). Finally, Defendant contends that Ms. Crosby's opinion was consistent with the record

as a whole, which the ALJ thoroughly discussed, and there is no error in an ALJ reaching the same conclusion as an SDM where the ALJ properly considered the evidence in assessing a plaintiff's RFC.  (Doc. 16 p. 19).

"Courts have held that an 'SDM is not a medical professional of any stripe and a finding from such an individual is entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources.' *Williams v. Comm'r of Soc. Sec.*, 2015 WL 1003852, at *1 (M.D. Fla. Mar. 6, 2015) (citing *Bolton v. Astrue,* 2008 WL 2038513, at *4* (M.D. Fla. May 12, 2008) (internal quotations omitted and citing authority)); *see also Gendron v. Astrue,* 2012 WL 2912334, at *3 (M.D. Fla. June 13, 2012) (SDMs have no medical training).  As such, where ALJs have relied upon the opinions of SDMs or given their opinions great weight, Courts routinely reverse and remand the final decision for further proceedings. *Id.* citing *Bolton,* 2008 WL 2038513, at *4 (reversing where ALJ adopted part of SDM's opinion as a medical opinion); *Gendron,* 2012 WL 2912334, at *3 (reversing where ALJ relied on SDM opinion, finding reliance thereon is not harmless error, and citing authority); *Spahiu v. Colvin,* 2013 WL 828460, at *7 (M.D. Fla. Mar.6, 2013) (same and citing authority).

The record shows that Ms. Crosby completed a Physical Residual Functional Capacity Assessment on March 23, 2007.  (Tr. 533-40).  Ms. Crosby opined that Plaintiff could lift up to 20 pounds occasionally, stand and/or walk for at least 2 hours in an 8 hour day and sit for about 6 hours.  (Tr. 533-40).

In her decision, the ALJ gave Ms. Crosby's opinion "greater weight" than was given to the opinion of Plaintiff's treating physician Dr. Phillips.  (Tr. 31).  Throughout the decision the ALJ referred to Ms. Crosby as "reviewing medical expert" (Tr. 28), "reviewing medical expert Dr. Crosby" (Tr. 30), and as "Dr. Crosby." (Tr. 31).  Reviewing the record, the Court finds no

indication that Ms. Crosby is a physician and Defendant cites to no records supporting the ALJ's characterization of Ms. Crosby as a physician. Thus, it is clear that substantial evidence does not support the ALJ's characterization of Ms. Cosby as a physician.

It is unclear, however, whether Ms. Crosby was a SDM as Plaintiff alleges. The only document in the transcript Plaintiff references for this claim is a Disability Determination and Transmittal form in which Ms. Crosby's name is filled into a box titled "30. DISABILITY EXAMINER - DDS" and the words "SDM Assessment 47" are filled into a different box titled "32A. PHYSICIAN OR MEDICAL SPEC. NAME." (Tr. 102). It does not seem to follow that what is written in "Box 32A" necessarily describes the person listed in "Box 30," as on the next page of the transcript there is another Disability Determination and Transmittal form which lists different people in its respective "Box 30" and "Box 32A." (Tr. 103).

Given the ambiguity in the record concerning Ms. Crosby and the ALJ's decision to give great weight to her decision over the opinions of treating physicians, the Court finds it appropriate to remand this case. On remand, the ALJ is directed to determine Ms. Crosby's credentials and, thereafter, to treat her opinion in accordance with the applicable regulations.

### III.    Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 22, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties